Genoveva MARTINEZ RIOS;
et al., Petitioners,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

Genoveva Martinez Rios;
et al., Petitioners,

v.

Eric H. Holder Jr., Attorney
General, Respondent.

Nos. 07–71648, 08–73648.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Jan. 11, 2010.

Genoveva Martinez Rios, Wilmington, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ari Nazarov, William Charles Peachey, Senior Litigation Counsel, Ada Elsie Bosque, Trial, DOJ— U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Genoveva Martinez Rios and her son Augustin Armenta Martinez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' denial of their motion to reopen the underlying denial of their application for cancellation of removal based on their failure to establish the requisite hardship to a qualifying relative.

Petitioners introduced new evidence that the female petitioner's health has declined since the removal hearing to support their claim that the petitioners' qualifying relative would experience extreme hardship if they were removed. We conclude that the

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**620**

BIA properly considered the new evidence offered by petitioners, and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

We do not consider petitioners' contentions regarding the immigration judge's failure to make findings regarding petitioners' good moral character, lack of previous convictions, or their continuous presence in the United States because these contentions are not properly before us in our review of the BIA's denial of the motion to reopen.

Petitioners do not raise any arguments concerning the BIA's denial of their second motion to reopen as time and numerically barred, and therefore petitioners have waived any challenge to that decision. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996) (issues not supported by argument in a brief are deemed abandoned).

**PETITIONS FOR REVIEW DENIED.**